UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRISCILLA DOE,<br><br>                            *Plaintiff*,<br><br>      v.<br><br>DARREN K. INDYKE AND RICHARD D. KAHN, AS JOINT PERSONAL REPRESENTATIVES OF THE ESTATE OF JEFFREY E. EPSTEIN, NINE EAST 71st STREET, CORPORATION, FINANCIAL TRUST COMPANY, INC., NES, LLC, MAPLE, INC., LSJ, LLC, HBRK ASSOCIATES, INC., JEGE, INC.,<br><br>                            *Defendants.* | Case No. 1:19-cv-07772-ALC |

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (incorrectly named herein as "Joint Personal Representatives" of the Estate of Jeffrey E. Epstein), Nine East 71st Street, Corporation, Financial Trust Company, Inc., NES, LLC, Maple, Inc., LSJ, LLC, HBRK Associates, Inc., and JEGE, Inc. (together, "Defendants"), by their attorneys, submit this memorandum of law in response to Plaintiff's Motion For Leave To Proceed Anonymously (the Motion) (ECF #3):

## ARGUMENT

Defendants do not object to Plaintiff proceeding under a pseudonym to prevent the disclosure of her identity to the general public. However, this response is necessary for two separate reasons.

First, Plaintiff's Motion asserts numerous unproven statements, couched as facts already in evidence, as well as conclusions of law. Defendants object to these unproven and conclusory assertions. In any event, the Court does not need to consider such assertions to resolve Plaintiff's Motion.

Second, it is imperative that Plaintiff's desire to shield her identity from the general public not come at the expense of Defendants' fundamental right to fully and fairly respond to Plaintiff's allegations in her Complaint. Therefore, Defendants respectfully request that the Court resolve Plaintiff's Motion by entering the proposed order annexed hereto as Exhibit A (the "Proposed Order"). The Proposed Order would protect Plaintiff's identity from public disclosure while enabling Defendants to fully respond to the Complaint with minimal prejudice. The Proposed Order would also permit the parties to seek to modify it as necessary to meet the needs of this case as it evolves.[1]

The Proposed Order accords with well-established Second Circuit law because it

---

[1] Should this matter proceed to discovery, the Parties would be able to address discovery issues implicated by Plaintiff's desire to proceed anonymously in a separate discovery order that otherwise addresses general confidentiality concerns.

balances Plaintiff's legitimate desire to maintain confidentiality with Defendants' right to fully defend themselves in this action.  *See Sealed Plaintiff v. Sealed Defendant*, 537 F3d 185, 189 (2d Cir. 2008) ("We agree that the interests of both the public and the opposing party should be considered when determining whether to grant an application to proceed under a pseudonym."); *Doe v. Skyline Automobiles Inc.*, 375 F Supp 3d 401, 407 (S.D.N.Y. 2019) ("Allowing Plaintiff [alleging sexual assault, harassment, and discrimination] to proceed anonymously would disadvantage Defendants at all stages of litigation, including settlement, discovery, and trial. Plaintiff's anonymity would make it more difficult to obtain witnesses and witness testimony, Defendants would have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately cross-examine the Plaintiff.") ; *Doe I v. Four Bros. Pizza, Inc.*, 13-CV-1505 VB, 2013 WL 6083414, at *31 (S.D.N.Y. Nov. 19, 2013) ("Significantly, it will not be feasible for the parties to proceed with discovery in a meaningful way while plaintiffs remain anonymous.").

The Proposed Order is also consistent with Plaintiff's positions in her Motion.  The Motion provides that Plaintiff's counsel "will cooperate with the court and the Defendants and reveal Plaintiff's true identity to defendants for discovery purposes on the condition that Defendants do not disclose Plaintiff's name to the general public."  (ECF #3-1 at p. 7).

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court enter the Proposed Order and grant Defendants such other and further relief as the Court deems just and proper.

Dated: November 15, 2019
      New York, New York

Respectfully submitted,

TROUTMAN SANDERS LLP

By: */s/ Bennet J. Moskowitz*
    Bennet J. Moskowitz
    875 Third Avenue
    New York, NY 10022
    (212) 704-6000
    bennet.moskowitz@troutman.com

*Attorneys for Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein, Nine East 71st Street, Corporation, Financial Trust Company, Inc., NES, LLC, Maple, Inc., LSJ, LLC, HBRK Associates, Inc., and JEGE, Inc.*