# EDWARDS POTTINGER LLC

**Florida Office**

Bradley J. Edwards *◊ǂ
Seth M. Lehrman *†
Brittany N. Henderson *◊
Matthew D. Weissing *ǂ

425 North Andrews Avenue
Suite 2
Fort Lauderdale, FL  33301
_____

Telephone (954)524-2820
Fax (954)524-2822

**New York Office**

J. Stanley Pottinger ‡

† Admitted in California
◊ Admitted in District of Columbia
* Admitted in Florida
‡ Admitted in New York
ǂ Board Certified Civil Trial Lawyer

December 10, 2019

**VIA ECF**

Hon. Andrew L. Carter, Jr.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Priscilla Doe v. Darren N. Indyke, et al.*, **1:19-cv-07772 (ALC)**

Dear Judge Carter:

We represent Plaintiff Priscilla Doe in the above-captioned action. Plaintiff filed her complaint in this matter on August 20, 2019. [DE 01].  On November 29, 2019, Defendants filed a letter motion pursuant to your Honor's Individual Practice Section 2(A)(ii) to request a conference before moving to dismiss Plaintiff's complaint for failure to state a claim. [DE 38]. Herein, Plaintiff will briefly, sequentially respond to each of Defendants' points while also reserving her right to amend her pleading in an effort to expeditiously prosecute her claims.

First: On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to drawn the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Defendants argue that Plaintiff fails to provide the specific identity of any person who acted on behalf of the Corporate Defendants; however, the Second Circuit has made clear that the *Twombly* plausibility standard, "does not prevent a plaintiff from 'pleading facts alleged 'upon information and belief'' where the facts are peculiarly within the possession and control of the defendant," *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citing *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir.2008)).

Second: Plaintiff has not engaged in group pleading. Plaintiff has thoroughly laid out a factual basis that applies to each of the respective Defendants. Each delineated cause of action specifies one particular Defendant and includes the specific factual basis for that Defendant to support the cause of action as is required under New York law. The language of the Complaint is

clear, each of the Defendants committed violations of the sex trafficking statute. In fact, "[p]rior to discovery, plaintiff need not explain the details of each defendant's role in the planning, funding, and executing defendants' alleged joint [] scheme." *Hudak v. Berkley Grp., Inc.*, No. 3:13-CV-00089-WWE, 2014 WL 354676, at *4 (D. Conn. Jan. 23, 2014); *see also Tardibuono-Quigley v. HSBC Mortg. Corp. (USA)*, No. 15-CV-6940 (KMK), 2017 WL 1216925, at *8 (S.D.N.Y. Mar. 30, 2017); *c.f. Precision Assocs., Inc. v. Panalpina World Transp., (Holding) Ltd.*, No. CV-08-42 JG VVP, 2013 WL 6481195, at *12 (E.D.N.Y. Sept. 20, 2013), report and recommendation adopted, No. 08-CV-00042 JG VVP, 2014 WL 298594 (E.D.N.Y. Jan. 28, 2014).

Third: Defendant claims that Plaintiff's TVPA actions against the Corporate Defendants fail in wholesale because she fails to allege that anyone acting on behalf of any Corporate Defendant's had knowledge of Jeffrey Epstein's conduct. Defendants' arguments here are premature given the present posture of this case. Such arguments would be more properly suited for a later stage in the pleadings upon the conclusion of discovery in this matter. There are a plethora of allegations within the four corners of Plaintiff's complaint to refute this point of contention.

Fourth: Defendants argue that Plaintiff's cause of action for battery under New York law is time barred pursuant to CPLR § 215(3). However, pursuant to CPLR § 215(8)(a) "[w]henever it is shown that a criminal action against the same defendant has been commenced with respect to the event or occurrence from which a claim governed by this section arises, the plaintiff shall have at least one year from the termination of the criminal action as defined in section 1.20 of the criminal procedure law in which to commence the civil action, notwithstanding that the time in which to commence such action has already expired or has less than a year remaining." The criminal action against Jeffrey Epstein terminated on August 27, 2019. Consequently, in accord with New York law, Plaintiff has until August 27, 2020 to file any claim for battery or personal injury. As it relates to Plaintiff's claims pursuant to the Trafficking Victims Protection Act, Plaintiff's claims were filed well within the applicable ten-year statute of limitations, a fact that is acknowledged by Defendants. 15 U.S.C. § 1591(c).

Fifth: Counts I and II of Plaintiff's complaint are not duplicative of each other. While counts may encompass the same conduct, alternative theories of recovery are permitted at the pleading stage. *See, e.g., Speed Auto Sales, Inc. v. Am. Motors Corp.*, 477 F. Supp. 1193, 1198 (E.D.N.Y. 1979).

Sixth: Defendant contends that punitive damages are not permitted against any Defendant in this action. It is Plaintiff's position that punitive damages are warranted against the Estate in this case where the Estate is domiciled in the United States Virgin Islands as a result of Mr. Epstein purposefully availing himself to the jurisdiction. In terms of the corporate Defendants, each corporation engaged in sex trafficking, which is exactly the type of act for which punitive damages are permitted. *See, e.g., Doralee Estates, Inc. v. Cities Serv. Oil Co.*, 569 F.2d 716 (2d Cir. 1977).

Seventh: Defendants argue that Plaintiff failed to meet her burden of establishing the Court has personal jurisdiction over Defendant LSJ under New York's long-arm statute.

However, Jeffrey Epstein was the acting on behalf of the company when he was present in New York recruiting, enticing, harboring, and soliciting young females, including Plaintiff, to transport them across state lines to his private island located in the United States Virgin Islands and owned by Defendant LSJ. He acted regularly in New York on behalf of Defendant LSJ to further the sex trafficking operation. New York's long-arm statute is applicable to the continuous course of conduct to which Jeffrey Epstein engaged on behalf of Defendant LSJ.

Finally, Plaintiff respectfully requests that the Court schedule the Initial Pre-Trial Conference in this matter at the same time as the Pre-Motion Conference that has been requested by Defendants as to permit the parties to engage in meaningful discussions regarding discovery and resolution of this case.

Respectfully Submitted,

EDWARDS POTTINGER, LLC

Bradley J. Edwards
BJE:mwk