**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PRISCILLA DOE,

*Plaintiff*,

v.

DARREN K INDYKE AND RICHARD D. KAHN
AS JOINT PERSONAL REPRESENTATIVES OF
THE ESTATE OF JEFFERY E. EPSTEIN,
FINANCIAL TRUST COMPANY, INC., NES, LLC,
HBRK ASSOCIATES, INC., AND THE FLORIDA
SCIENCE FOUNDATION, INC.,

*Defendants.*

Case No. 1:19-cv-07772-ALC-DCF

**CO-EXECUTORS' MEMORANDUM OF LAW IN SUPPORT**
**OF THEIR MOTION FOR PARTIAL DISMISSAL OF**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants Darren K. Indyke and Richard D. Kahn,*
*Co-Executors of the Estate of Jeffrey E. Epstein*

117372212

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF ALLEGED FACTS: PLAINTIFF CLAIMS SHE MET EPSTEIN AS
      AN ADULT AND CONTACT ENDED IN 2012 ............................................................. 3

ARGUMENT ...................................................................................................................... 3

I.      Legal Standard: Where Plaintiff's Own Allegations Show Her Claims Are Barred
      By A Statute Of Limitations, The Court May Dismiss Them At The Pleadings
      Stage .................................................................................................................... 3

II.     Plaintiff's State Law Claims (Counts I Through III) Are Time-Barred ............................ 4

III.    Plaintiff's Attempts To Invoke Extraordinary Statute Of Limitations Exceptions
      Fail ....................................................................................................................... 5

      A.     CPLR § 215(8)(a) is inapplicable because the Indictment arises out of the
            alleged sex trafficking of minors between 2002 and 2005, and Plaintiff
            alleges she did not meet Epstein until 2006, when she was already an adult ........ 5

      B.     Plaintiff fails to meet her burden to allege "extraordinary" circumstances
            sufficient to justify tolling or equitable estoppel .................................................. 8

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*2002 Lawrence R. Buchalter Alaska Tr. v. Phila. Fin. Life Assurance Co.*,
    96 F. Supp. 3d 182 (S.D.N.Y. 2015)........................................................................................3

*Abbas v. Dixon*,
    480 F.3d 636 (2d Cir. 2007)....................................................................................................9

*In re Allstate Ins. Co. (Stolarz)*,
    81 N.Y.2d 219, 597 N.Y.S.2d 904, 613 N.E.2d 936 (1993).....................................................4

*Ari v. Cohen*,
    107 A.D.3d 516 (1st Dept. 2013).............................................................................................8

*Boos v. Runyon*,
    201 F.3d 178 (2d Cir. 2000)....................................................................................................9

*Carvel v. Durst*,
    No. 09-civ-6733(LAP)(GAY), 2013 U.S. Dist. LEXIS 185530 (S.D.N.Y. Oct.
    11, 2013) ...............................................................................................................................10

*Cerbone v. Int'l Ladies' Garment Workers' Union*,
    768 F.2d 45 (2d Cir. 1985)......................................................................................................9

*Christodoulou v. Terdeman*,
    262 A.D.2d 595, 692 N.Y.S.2d 462 (1999) ..........................................................................6, 7

*Cooney v. Osgood Mach., Inc.*,
    81 N.Y.2d 66, 595 N.Y.S.2d 919, 612 N.E.2d 277 (1993).......................................................4

*Gallina v. Thatcher*,
    No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct.
    23, 2018) ...............................................................................................................................6, 7

*Geiss v. Weinstein Co. Holdings LLC*,
    383 F. Supp. 3d 156 (S.D.N.Y. 2019)......................................................................................9

*Ghartey v. St. John's Queens Hosp.*,
    869 F.2d 160 (2d Cir. 1989).....................................................................................................3

*In re Higgins*,
    270 B.R. 147 (Bankr. S.D.N.Y. 2001)......................................................................................9

*Jang Hoi Choi v. Beautri Realty Corp.*,
    135 A.D.3d 451 (1st Dept. 2016)..............................................................................................8

*Johnson v. Nyack Hosp.*,
   86 F.3d 8 (2d Cir. 1996)..................................................................................................8, 9

*Kavowras v. New York Times Co.*,
   328 F.3d 50 (2d Cir. 2003)..............................................................................................4, 9

*Licci v. Lebanese Canadian Bank*,
   739 F.3d 45 (2d Cir. 2013).................................................................................................4

*Lisa Doe v. Indyke*,
   465 F. Supp. 3d 452 (S.D.N.Y. 2020)........................................................................2, 5, 6, 7

*McElligott v. City of N.Y.*,
   No. 15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829 (S.D.N.Y. Dec. 7,
   2017) ...................................................................................................................................7

*McKenzie v. Hess Oil V.I. Corp.*,
   70 V.I. 210 (Super. Ct. 2019)............................................................................................4

*Nghiem v. United States Dep't of Veteran Affairs*,
   451 F. Supp. 2d 599 (S.D.N.Y. 2006).................................................................................3

*Shared Commc'ns Servs. of ESR, Inc. v. Goldman, Sachs & Co.*,
   38 A.D.3d 325 (1st Dept. 2007)..........................................................................................8

*Sikhs for Justice v. Gandhi*,
   No. 13 Civ. 4920 (BMC), 2014 U.S. Dist. LEXIS 78322 (E.D.N.Y. June 9,
   2014) .................................................................................................................................10

*Singh v. Wells*,
   445 F. App'x 373 (2d Cir. 2011) ......................................................................................10

*Smith v. N.Y.C. Dep't of Corr.*,
   09-civ-7639, 2010 U.S. Dist. LEXIS 137152 (S.D.N.Y. 2010) ................................................8

*In re U.S. Lines, Inc.*,
   318 F.3d 432 (2d Cir. 2003)................................................................................................8

*Viti v. Guardian Life Ins. Co. of Am.*,
   10-cv-2908 (ALC) (MHD), 2012 U.S. Dist. LEXIS 189633 (S.D.N.Y. Oct. 5,
   2012) ..............................................................................................................................8, 9

*Yesh Diamonds, Inc. v. Yashaya*,
   No. 09-CV-2016 (DLI) (RER), 2010 U.S. Dist. LEXIS 101744 (E.D.N.Y.
   2010) ..............................................................................................................................8, 9

**Statutes**

Fla. Stat. § 95.11(3)(O) ......................................................................................................1, 5

Fla. Stat. § 95.11(7).................................................................................................................5

N.M. Stat. § 37-1-8 ..................................................................................................................5

NY Penal Code § 130 ...........................................................................................................1, 4

Trafficking Victims Protection Act, 18 USCS § 1595 .................................................................1

**Other Authorities**

CPLR § 214(5)......................................................................................................................1, 4

CPLR §215(3) .....................................................................................................................1, 4

CPLR § 215(8)(a) .......................................................................................................1, 2, 5, 6, 7

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1, 3

Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (the "Co-Executors") respectfully submit this Memorandum of Law in support of their Motion to Dismiss Counts I through III of plaintiff Priscilla Doe's ("Plaintiff") First Amended Complaint (ECF No. 85) pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff alleges that, from 2006 (when she was 20 years old) to 2012, Jeffrey E. Epstein ("Epstein"), now deceased, committed various sexual offenses against her in New York, the U.S. Virgin Islands ("USVI"), Florida, and New Mexico. (First Am. Compl. ("FAC") ¶¶ 96, 163.) Plaintiff asserts three state law causes of action—for common law battery, violation of NY Penal Code § 130, and intentional infliction of emotional distress—and five claims under the Trafficking Victims Protection Act ("TVPA"), 18 USCS § 1595.

Each of Plaintiff's state law causes of action (Counts I through III) are time-barred under the applicable state's statute of limitations and must be dismissed. Specifically, these claims expired by: 2015 per New York's one- and three-year statutes of limitations (CPLR §§ 214(5), 215(3)); 2014 per the USVI's two-year statute of limitations (5 V.I.C. § 31(5)(A)); 2016 per Florida's four-year statute of limitations (Fla. Stat. § 95.11 (3)(O)); and 2015 per New Mexico's three-year statute of limitations.

In apparent recognition that her state-law claims are time-barred, Plaintiff erroneously alleges that they are timely pursuant to CPLR § 215(8)(a),[1] they were equitably tolled, and that the Co-Executors are equitably estopped from asserting a statute of limitations defense. (FAC ¶¶ 14-

---

[1] CPLR § 215(8)(a) provides: "Whenever it is shown that a criminal action against the same defendant has been commenced *with respect to the event or occurrence from which a claim governed by this section arises*, the plaintiff shall have at least one year from the termination of the criminal action … to commence the civil action." (Emphasis added).

16.) Each of these arguments fails as a matter of law.

CPLR § 215(8)(a) does not apply here because Plaintiff's claims are outside the scope of Epstein's 2019 criminal indictment (the "Indictment") on which her invocation of CPLR § 215(8)(a) relies. Plaintiff alleges she met Epstein in 2006. However, in another lawsuit against the Co-Executors in which a plaintiff sought to invoke CPLR § 215(8)(a), this Court (the Hon. Edgardo Ramos) already ruled that the Indictment only concerns conduct between 2002 and 2005. *Lisa Doe v. Indyke*, 465 F. Supp. 3d 452, 461-62 (S.D.N.Y. 2020) ("To the extent the fifth cause of action relates to conduct between 2006 and 2010, the claim is dismissed with prejudice as time-barred. Section 215(8)(a) cannot cover these claims."). The Indictment also refers only to the assault of *minors*, and Plaintiff alleges she was an adult when she met Epstein (FAC ¶ 96), further dooming her claim. *Lisa Doe*, 465 F. Supp. at 461.[2]

Plaintiff also fails to meet her burden at the pleadings stage to allege due diligence and extraordinary circumstances sufficient to justify tolling or equitable estoppel, as she alleges no conduct by or at Epstein's direction after 2012, when his alleged abuse ended. Her excuses for not timely filing her complaint are also vague and unsupported: she alleges that her life and livelihood were threatened, but not when, how, or by whom. She thus supplies no reason at all—let alone extraordinary circumstances—explaining why she was unable to file her claims for seven years after her alleged abuse ended.

---

[2] In the *Lisa Doe* case, Judge Ramos found that plaintiff's claims involved the same event or occurrence as the Indictment based on different facts presented here. Unlike the Plaintiff here, Lisa Doe alleged that Epstein's abuse began when she was a minor during the Indictment's timeframe, *i.e.*, between 2002 and 2005. The *Lisa Doe* court reasoned that, while the Indictment alleged Epstein "enticed, recruited, and caused to be enticed and recruited, *minor girls* to visit his mansion in Manhattan, New York," it also alleged that "once these minor victims were recruited, many were abused by Epstein on multiple subsequent occasions." *Doe*, 465 F. Supp. at 461 (emphasis added). Thus, the fact that Lisa Doe became an adult during the alleged abuse did not mean she was not one of the "minor girls" referenced in the Indictment. However, the court also held that to the extent plaintiff alleged abuse after 2005, the claim was dismissed with prejudice as time barred. *Id.* at 462. Here, because Plaintiff alleges she was at all times an adult when her abuse occurred, she could not have been one of the "minor girls" described in the Indictment.

Because Plaintiff's state law claims are time-barred according to her own allegations, and because she supplies no extraordinary basis to evade the applicable statute of limitations, the Court should dismiss Counts I through III pursuant to Federal Rule of Civil procedure 12(b)(6).

### STATEMENT OF ALLEGED FACTS: PLAINTIFF CLAIMS SHE MET EPSTEIN AS AN ADULT AND CONTACT ENDED IN 2012

Plaintiff alleges that she was twenty years old when she met Epstein in 2006. (FAC ¶ 96.) After being paid to perform legitimate massages on Epstein at least twice, Plaintiff alleges she "started visiting Jeffrey Epstein more regularly and he began making the massages more sexual." (*Id.* ¶¶ 100-105.) Plaintiff alleges Epstein thereafter forced her to engage in "commercial sex acts" in New York, USVI, Florida, and New Mexico and engage in "sexual activity" with someone called "Associate 2" in USVI. (*Id.* ¶¶ 96, 120, 135, 161, 163.) Plaintiff further alleges Epstein forced her to move into an apartment he owned and attend massage school at his expense. (*Id.* ¶¶ 141, 158.)

### ARGUMENT

I.    **Legal Standard: Where Plaintiff's Own Allegations Show Her Claims Are Barred By A Statute Of Limitations, The Court May Dismiss Them At The Pleadings Stage**

Where, as here, "the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)]." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). *See also 2002 Lawrence R. Buchalter Alaska Tr. v. Phila. Fin. Life Assurance Co.*, 96 F. Supp. 3d 182, 200 (S.D.N.Y. 2015) ("Statute of limitations defenses … may be made at the motion to dismiss stage, without conversion to a motion for summary judgment, where the 'plaintiff adequately states a claim, but [the] plaintiff's own allegations show that the defense exists.'") (quoting *Nghiem v. United States Dep't of Veteran Affairs*, 451 F. Supp. 2d 599 (S.D.N.Y. 2006) (brackets in original text)). Here, the allegations in the First Amended Complaint

3

117372212

demonstrate that Plaintiff's state-law causes of action are time-barred, warranting their dismissal.

## II.    Plaintiff's State Law Claims (Counts I Through III) Are Time-Barred

Plaintiff asserts three state-law claims: for common law battery, violation of NY Penal Law § 130, and intentional infliction of emotional distress. (*See generally* FAC.) Each of these claims is based on alleged activity occurring in New York, the USVI, Florida, and New Mexico at various times between 2006 and 2012, when Plaintiff was an adult. (*Id.* ¶¶ 96, 163.) The law of the state or territory where the torts allegedly occurred—including their applicable statutes of limitations— apply. *See, e.g.*, *Licci v. Lebanese Canadian Bank*, 739 F.3d 45, 50 (2d Cir. 2013) ("The New York Court of Appeals has consistently explained that, for conduct-regulating rules, 'the law of the jurisdiction where the [alleged] tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders.'") (citing *Cooney v. Osgood Mach., Inc.*, 81 N.Y.2d 66, 72, 595 N.Y.S.2d 919, 922, 612 N.E.2d 277, 280 (1993) (brackets in original text)); *In re Allstate Ins. Co. (Stolarz)*, 81 N.Y.2d 219, 225, 597 N.Y.S.2d 904, 907, 613 N.E.2d 936, 939 (1993)). Based on the applicable statute of limitations under the respective laws of these states and territory, each of Plaintiff's state-law claims is time-barred as follows:

New York. New York law applies a one-year limitations period to actions for assault and battery and a three-year limitations period to actions for personal injury. CPLR §§ 214(5), 215(3). Under either statute, Plaintiff's state-law claims are untimely, as they expired in 2015 at the latest.

USVI. Under USVI law, the statute of limitations for battery actions is two years. 5 V.I.C. § 31(5)(A). The statute of limitations applied to claims for intentional infliction of emotional distress is likewise two years. *McKenzie v. Hess Oil V.I. Corp.*, 70 V.I. 210, 220 (Super. Ct. 2019) (citing 5 V.I.C. § 31(5)(A)). Thus, under USVI law, Plaintiff's state law causes of action expired in 2014 at the latest.

Florida. Under Florida law, the statute of limitations for actions "for assault, battery, false

arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort" is four years. Fla. Stat. § 95.11(3)(O). Accordingly, under Florida law, Plaintiff's state law causes of action expired by 2016 at the latest.[3]

New Mexico. Plaintiff alleges that she was made to engage in commercial sex acts in New Mexico between 2007 and 2010. (FAC ¶ 163.) Under New Mexico law, actions for "injury to a person" must be brought within three years. N.M. Stat. § 37-1-8. Thus, under New Mexico law, Plaintiff's state law claims expired in 2013 at the latest.

Accordingly, the Court must dismiss Counts I through III as untimely.

## III.     Plaintiff's Attempts To Invoke Extraordinary Statute Of Limitations Exceptions Fail

Attempting to avoid the statutes of limitations that bar her state-law claims, Plaintiff argues that: (i) her claims are timely under CPLR § 215(8)(a), (ii) any applicable statute of limitations are tolled, and (iii) the Co-Executors are equitably estopped from asserting a statute of limitations defense. (FAC ¶¶ 14-16.) All three arguments are wrong as a matter of law.

### A.     CPLR § 215(8)(a) is inapplicable because the Indictment arises out of the alleged sex trafficking of *minors* between 2002 and 2005, and Plaintiff alleges she did not meet Epstein until 2006, when she was already an adult.

CPLR § 215(8)(a) allows civil plaintiffs, for a limited period of time, to bring actions against the same defendant and with respect to the same "event or occurrence" as was the subject of a criminal action, even if the statute of limitations on the civil claim has already run. *Lisa Doe*, 465 F. Supp. 3d at 460. Specifically, CPLR § 215(8)(a) provides: "Whenever it is shown that a criminal action against the same defendant has been commenced ***with respect to the event or occurrence from which a claim governed by this section arises***, the plaintiff shall have at least

---

[3] This result is the same regardless of the application of Fla. Stat. § 95.11(7), which provides that certain actions founded on abuse may be brought "within 7 years after the age of majority, or within 4 years after the injured person leaves the dependency of the abuse" (*i.e.*, in this action, by 2016).

one year from the termination of the criminal action … to commence the civil action." (Emphasis added).

Epstein's Indictment, attached to Plaintiff's original Complaint (ECF No. 1), does ***not*** involve a criminal action arising out of the same event or occurrence as the conduct alleged in the First Amended Complaint. The Indictment alleges that Epstein sexually trafficked "minor girls" between 2002 and 2005 (Ex. A to Compl., ¶¶ 1-2), stating throughout that it concerns sex trafficking of "minors" (*id.* ¶¶ 2-4, 6, 8, 11-15, 18-20, 22) in or before 2005 (*id.* ¶ 2, 8, 20, 22(a)-(h), 24). By contrast, Plaintiff alleges she did not even meet Epstein until 2006 (FAC ¶¶ 96, 135, 143, 161, 163) and was at all times an adult (*id.* ¶ 96). Accordingly, this action and the Indictment necessarily arise from different events or occurrences.

As noted above, the Court has already held—in an action in which Plaintiff's counsel represents another alleged victim of Epstein—that the Indictment cannot be used to support a § 215(8)(a) exception where the alleged tortious activity occurred after 2005. *See Lisa Doe*, 465 F. Supp. at 461 (S.D.N.Y. 2020) (Ramos, J.) ("Defendants, are correct, however that the conduct alleged in the Indictment spanned the period between 2002 and 2005, and therefore that the Indictment cannot for § 215(8)(a) purposes cover the allegations in the Amended Complaint between 2006 and 2010.") (citing *Christodoulou v. Terdeman*, 262 A.D.2d 595, 596, 692 N.Y.S.2d 462 (1999)).

Judge Ramos' decision accords with decisions rendered by multiple New York State courts, which apply CPLR § 215(8)(a) in very limited circumstances not present in this action. *See Christodoulou*, 262 A.D.2d at 596 (CPLR § 215(8)(a) applied only to claims based on events of February 26, 1993 and December 28, 1993, because it was only in connection with events of those "two days that a criminal prosecution was commenced against the defendant"); *Gallina v.*

6

117372212

*Thatcher*, No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct. 23, 2018) (CPLR § 215(8)(a) inapplicable where incidents charged in criminal action and those alleged in civil action occurred on different dates); *McElligott v. City of N.Y.*, No. 15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829, at *13 (S.D.N.Y. Dec. 7, 2017) (CPLR § 215(8)(a) inapplicable to claims against civil defendants not charged as co-defendants in criminal action, notwithstanding same events gave rise to both actions).

     *Gallina* is especially instructive. In that case, an individual sued an attorney for battery and other claims based on the core allegation that, over the course of two years, the attorney committed various sexual misconduct against the plaintiff, including sexual assault. *Gallina,* 2018 N.Y. Misc. LEXIS 8435, at *1. The defendant had also been criminally charged with forceable touching for incidents that occurred in 2017. *Id.* at *3. The court dismissed as time-barred plaintiff's battery counts based on incidents alleged to have occurred in 2016. *Id.* at *2-3. In doing so, the court rejected plaintiff's argument that CPLR § 215(8)(a) applied to the 2016 incidents, finding:

> Plaintiff argues that the July and October 2016 incidents are part of the same ongoing course of events as the February, March and May 2017 incidents and should therefore be deemed timely commenced … the case law does not support Plaintiff's interpretation of … CPLR §215(8)(a). The criminal instruments … demonstrate that Defendant was charged for incidents occurring on three (3) specific dates … Pursuant to CPLR §215(8)(a), tolling would apply only to claims based on these dates, "because it was only in connection with the events of these [three] days that a criminal prosecution was commenced against the defendant." *Christodoulou v. Terdeman*, 262 AD2d 595, 596 [2d Dept. 1999]. As criminal charges were not commenced with respect to the July 2016 and October 2016 events, the tolling provisions of CPLR §215(8) do not apply …

*Id.* at *3-4. Here, Plaintiff asserts a much more tenuous connection between this action and the Indictment than the one unsuccessfully asserted by the plaintiff in *Gallina* (and the other cited cases). As it did in the *Lisa Doe* case, the Court should reject Plaintiff's misguided request to apply CPLR § 215(8)(a).

7

117372212

**B.    Plaintiff fails to meet her burden to allege "extraordinary" circumstances sufficient to justify tolling or equitable estoppel.**

Plaintiff also attempts to salvage her untimely claims by arguing that narrow and extraordinary exceptions to the applicable statutes of limitations apply, *i.e.*, equitable tolling and equitable estoppel. (FAC ¶¶ 14-15.) Her sparse allegations supporting these exceptions, however, are very far from the kind that courts find sufficient to warrant equitable tolling or estoppel.

As an initial matter, "the doctrine of equitable tolling is not available in state causes of action in New York." *Jang Hoi Choi v. Beautri Realty Corp.*, 135 A.D.3d 451, 452 (1st Dept. 2016); *Shared Commc'ns Servs. of ESR, Inc. v. Goldman, Sachs & Co.*, 38 A.D.3d 325, 325 (1st Dept. 2007); *Ari v. Cohen*, 107 A.D.3d 516 (1st Dept. 2013) (holding that petitioner's tolling argument had to be considered under equitable estoppel rather than equitable tolling since petitioner asserted a state cause of action).

Regardless, even if equitable tolling were available here, Plaintiff has not adequately pleaded that she was "prevented in some extraordinary way from exercising h[er] rights." *Viti v. Guardian Life Ins. Co. of Am.*, 10-cv-2908 (ALC) (MHD), 2012 U.S. Dist. LEXIS 189633, at *30 (S.D.N.Y. Oct. 5, 2012), adopted by, 2013 U.S. Dist. LEXIS 174145 (S.D.N.Y. Dec. 11, 2013) (emphasis added) (quoting *Smith v. N.Y.C. Dep't of Corr.*, 09-civ-7639, 2010 U.S. Dist. LEXIS 137152, at *2 (S.D.N.Y. 2010); *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)). "Under the doctrine of equitable tolling, a court may, ***under compelling circumstances***, make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *Id.* (emphasis added) (quoting *Yesh Diamonds, Inc. v. Yashaya*, No. 09-CV-2016 (DLI) (RER), 2010 U.S. Dist. LEXIS 101744, at *2 (E.D.N.Y. 2010); *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003)). "That the doctrine is to be employed only sparingly—in 'extraordinary' and 'compelling' circumstances—is reflected in the fact that the plaintiff bears the burden of persuasion to show

8

that tolling is justified." *Id.* (emphasis added) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). In addition to demonstrating "extraordinary circumstances," a late-filing party seeking equitable tolling must demonstrate she acted with "reasonable diligence" in pursuing her claims during the period she seeks to toll. *Id.* at *32 (citing *Johnson*, 86 F.3d at 12).

Equitable estoppel is successfully invoked only in cases where a defendant's conduct caused her to delay in bringing her lawsuit. *Yesh*, 2010 U.S. Dist. LEXIS 101744, at *5 (citing *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 50 (2d Cir. 1985)). "The rationale behind this equitable doctrine is to protect the person who brings their action after it would normally be barred because she was 'lulled' into believing that she should delay pursuing her cause of action." *Id.* (quoting *In re Higgins*, 270 B.R. 147, 158 (Bankr. S.D.N.Y. 2001)). To invoke equitable estoppel to toll a limitations period, "a plaintiff must show that: '(i) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on that misrepresentation to [her] detriment.'" *Id.* (quoting *Kavowras v. New York Times Co.*, 328 F.3d 50, 56-57 (2d Cir. 2003)). Estoppel is not appropriate where a plaintiff fails to articulate any acts by a defendant that prevented her from timely commencing suit. *Id.* at *6 (citing *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007)).

Here, Plaintiff does not allege any particularized acts by Epstein that prevented her from exercising her rights. First, Plaintiff does not allege ***even one act*** that occurred after the abuse allegedly ended that would have impeded her from bringing her claims for ***seven years***. To show fear of retaliation sufficient to toll a limitations period "there must be threats or intimidation against each plaintiff[,] … the conduct must occur within the limitations period, and the plaintiff must bring suit within a reasonable period of time after the conduct ceases." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 174-75 (S.D.N.Y. 2019).

9

117372212

Second, Plaintiff's allegations lack the detail needed to toll her claims. *See, e.g.*, *Singh v. Wells*, 445 F. App'x 373, 378 (2d Cir. 2011) ("The amended complaint alleges no specific facts indicating that defendants prevented them from exercising their rights during the limitations period."); *Carvel v. Durst*, No. 09-civ-6733(LAP)(GAY), 2013 U.S. Dist. LEXIS 185530, at *13 (S.D.N.Y. Oct. 11, 2013) ("Apart from plaintiff's conclusory statements, however, she alleges no facts which would justify the application of equitable estoppel or equitable tolling."). Plaintiff states only in vague and conclusory terms that she "feared that Epstein and his co-conspirators would harm her or her family, or ruin her life, if she came forward" (FAC ¶ 15) and that "Epstein and corporate defendants and their employees" threatened Plaintiff's "li[fe] and livelihood[]" (*id.* ¶ 16). But she fails to allege when these supposed threats were made, what exactly was said, or who made them. Even allegations of death threats, when vaguely alleged with no supporting detail, are insufficient to demonstrate equitable estoppel. *See Sikhs for Justice v. Gandhi*, No. 13 Civ. 4920 (BMC), 2014 U.S. Dist. LEXIS 78322, at *12-13 (E.D.N.Y. June 9, 2014) ("[Plaintiff's] TVPA claims are plainly time-barred. The Amended Complaint gives absolutely no detail as to the alleged death threats that he received or when he received them."). Plaintiff's unparticularized allegations, with no further detail, are insufficient to explain why Plaintiff did not file her claim for seven years after all contact with Epstein ended.

## CONCLUSION

Based on the foregoing, the Co-Executors respectfully request that the Court grant their Motion to Dismiss Counts I through III of Plaintiff's First Amended Complaint with prejudice, together with such other and further relief as the Court deems just and proper.

10

117372212

Dated:  New York, New York                        Respectfully submitted,
       June 30, 2021

                                                     TROUTMAN PEPPER HAMILTON
                                                   SANDERS LLP
                                                   875 Third Avenue
                                                   New York, New York 10022

                                                   By:  */s/ Bennet J. Moskowitz*
                                                         Bennet J. Moskowitz

                                                   *Attorneys for Defendants Darren K. Indyke and*
                                                   *Richard D. Kahn, Co-Executors of the Estate of*
                                                   *Jeffrey E. Epstein*

11

117372212