**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRISCILLA DOE,<br><br>                     *Plaintiff*,<br><br>          v.<br><br>DARREN K INDYKE AND RICHARD D. KAHN AS JOINT PERSONAL REPRESENTATIVES OF THE ESTATE OF JEFFERY E. EPSTEIN, FINANCIAL TRUST COMPANY, INC., NES, LLC, HBRK ASSOCIATES, INC., AND THE FLORIDA SCIENCE FOUNDATION, INC.,<br><br>                     *Defendants.* | Case No. 1:19-cv-07772-ALC-DCF |

**CO-EXECUTORS' REPLY MEMORANDUM IN FURTHER SUPPORT
OF THEIR MOTION FOR PARTIAL DISMISSAL OF
PLAINTIFF'S FIRST AMENDED COMPLAINT**

TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants Darren K. Indyke and Richard D. Kahn,
Co-Executors of the Estate of Jeffrey E. Epstein*

**TABLE OF CONTENTS**

ARGUMENT .................................................................................................................................... 2

I.     Under The Court's *Lisa Doe* Decision, Plaintiff's Attempts To Invoke
        CPLR § 215(8)(a) To Revive Her Time-Barred State Law Claims Necessarily Fail......... 2

II.    CPLR § 213-c Does Not Apply Retroactively To Salvage Plaintiff's
        State-Law Claims.................................................................................................................... 5

III.   Plaintiff Fails To Allege Sufficient Threshold Facts Demonstrating That
        Equitable Tolling Or Equitable Estoppel Is Available ........................................................ 6

CONCLUSION................................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Baldanzi v. WFC Holdings Corp.*, No. 07 Civ. 9551(LTS)(GWG), 2008 U.S. Dist. LEXIS 95727, 2008 WL 4924987 (S.D.N.Y. Nov. 14, 2008)....................................................3

*Christodoulou v. Terdeman*, 262 A.D.2d 595, 692 N.Y.S.2d 462 (1999) ......................................3

*Conklin v. Maidenbaum*, No. 12-CV-3606 (ER), 2013 U.S. Dist. LEXIS 113975 (S.D.N.Y. Aug. 13, 2013) ..........................................................................................................6

*Davis v. Jackson*, No. 15-CV-5359 (KMK), 2016 U.S. Dist. LEXIS 136034 (S.D.N.Y. Sep. 30, 2016) ...............................................................................................8, 9

*Gallina v. Thatcher*, No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct. 23, 2018) ..............................................................................................3

*Harper v. Ercole*, 648 F.3d 132 (2d Cir. 2011) ...........................................................................8

*Jang Hoi Choi v. Beautri Realty Corp.*, 135 A.D.3d 451 (1st Dept. 2016)...................................6

*Kashef v. BNP Paribas S.A.*, 925 F.3d 53 (2d Cir. 2019) .............................................................5

*Kelsey v. Muskin, Inc.*, No. 86-CV-757, 1987 U.S. Dist. LEXIS 8653 (N.D.N.Y. June 25, 1987)................................................................................................................3

*Lisa Doe v. Indyke*, 465 F. Supp. 3d 452 (S.D.N.Y. 2020) ...........................................1, 2, 3, 4, 5

*Mohamed v. Donald J. Nolan, Ltd.*, 967 F. Supp. 2d 647 (E.D.N.Y. 2013)..................................7

*Nicoloudakis v. Bocchini*, No. 13-CV-2009, 2016 U.S. Dist. LEXIS 85764 (D.N.J. July 1, 2016)..................................................................................................................8

*Price v. Fox Entm't Group, Inc.*, 473 F. Supp. 2d 446 (S.D.N.Y. 2007) .......................................7

*Pulte Homes of N.Y., LLC v. Town of Carmel*, No. 16 CV 8093 (VB), 2017 U.S. Dist. LEXIS 143290 (S.D.N.Y. Sep. 5, 2017)....................................................................7, 9

*Putter v. N. Shore Univ. Hosp.*, 7 N.Y.3d 548, 858 N.E.2d 1140, 825 N.Y.S.2d 435 (2006)...........................................................................................................................7

*Rosenblum v. Yates*, No. 09-CV-3302, 2011 U.S. Dist. LEXIS 14086, 2011 WL 590750 (E.D. Cal. Feb. 10, 2011).................................................................................8

*Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81 (W.D.N.Y. 2018)......................................................3

*Simcuski v. Saeli*, 44 N.Y.2d 442, 406 N.Y.S.2d 259, 377 N.E.2d 713 (1978)...............................7

*Zhang v. Schlatter*, 557 F. App'x 9 (2d Cir. 2014) ...........................................................................7

**STATUTES**

2019 N.Y. Laws 315, 2019 N.Y. SB 6574 ........................................................................................6

**OTHER AUTHORITIES**

CPLR § 213-c .............................................................................................................................1, 5, 6

CPLR § 215(8)(a) .................................................................................................................1, 2, 3, 5

Fed. R. Civ. P. 12(b)(6).................................................................................................................1, 7

*Jeffrey Epstein Charged in Manhattan Federal Court with Sex Trafficking of Minors*, U.S. DEP'T OF JUST., https://www.justice.gov/usao-sdny/pr/jeffrey-epstein-charged-manhattan-federal-court-sex-trafficking-minors (July 8, 2019) ................................................................5

Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (the "Co-Executors"), respectfully submit this Reply Memorandum in further support of their Motion (the "Motion," ECF No. 89) for Partial Dismissal of Plaintiff Priscilla Doe's ("Plaintiff") First Amended Complaint ("FAC," ECF No. 85) pursuant to Federal Rule of Civil Procedure 12(b)(6).

### PRELIMINARY STATEMENT

Plaintiff asserts three state-law claims (in addition to five federal claims not subject to the Motion) arising out of alleged sexual abuse at various times between 2006 and 2012. Pursuant to the applicable statutes of limitations, however, each of these claims expired years ago. Hoping to revive her untimely claims, Plaintiff misconstrues the law and alleged facts, attempting to invoke three extraordinary exceptions to the statutes of limitations. These attempts fail for three reasons.

**First**, there is no question that CPLR § 215(8)(a) is inapplicable to Plaintiff's claims as Judge Ramos has already ruled in *Lisa Doe*. Plaintiff makes no attempt to analyze or distinguish *Lisa Doe*. There is no reason for the Court to disregard such directly applicable precedent.

**Second**, CPLR § 213-c cannot salvage Plaintiff's state law claims because it retroactively extended the statute of limitations ***only*** for sexual abuse claims that had not expired by its effective date, *i.e.*, September 18, 2019. Under all applicable statutes of limitations, Plaintiff's state-law claims expired years before and CPLR § 213-c is therefore inapplicable.

**Third**, the doctrines of equitable estoppel and equitable tolling do not apply because Plaintiff fails to allege specific facts to warrant their invocation. Among other things, she fails to allege (i) any conduct after she ceased contact with Jeffrey Epstein ("Epstein") in 2012, (ii) how any conduct kept her from filing a timely complaint, or (iii) that she exercised reasonable diligence during the seven years after her contact with Epstein ended in 2012 but before she filed this lawsuit in 2019.

As explained more fully below and in the Co-Executors' Motion, because Plaintiff's state-law claims are untimely and there are no available exceptions to the applicable statutes of limitations, the Court must dismiss those claims with prejudice.

## ARGUMENT

### I.    Under The Court's Lisa Doe Decision, Plaintiff's Attempts To Invoke CPLR § 215(8)(a) To Revive Her Time-Barred State Law Claims Necessarily Fail

Plaintiff contends that CPLR § 215(8)(a) revives her otherwise untimely state-law claims because they concern "the same event or transaction" alleged in the Indictment.[1] (Plf's Resp. in Opp. to the Mot. ("Resp."), ECF No. 92, at 5.) Judge Ramos already rejected this argument.

In *Lisa Doe* (a case in which Plaintiff's counsel represented another alleged Epstein victim), Judge Ramos analyzed the same Indictment at issue here and expressly held that it could not be used to revive claims where the alleged tortious activity occurred after 2005. *Lisa Doe v. Indyke*, 465 F. Supp. 3d 452, 461 (S.D.N.Y. 2020). Judge Ramos found that "the conduct alleged in the Indictment spanned the period between 2002 and 2005, and therefore [] the Indictment cannot for § 215(8)(a) purposes cover the allegations in the Amended Complaint between 2006 and 2010. … To the extent the fifth cause of action relates to conduct between 2006 and 2010, the claim is dismissed with prejudice as time-barred." *Id.* at 461-462.

Lisa Doe was able to maintain some of her claims because she alleged some abuse during the Indictment's timeframe. That is not the case here: Plaintiff does not allege any abuse during 2002 to 2005; rather, she alleges abuse between 2006 and 2012 only. (FAC at ¶ 135.)

Tellingly (and despite that Plaintiff's counsel represents Lisa Doe), Plaintiff does not distinguish or analyze *Lisa Doe*. Rather, she merely asserts—in a footnote—that Judge Ramos was wrong and his decision is not binding. (Resp. at 6, n.2.) She provides no explanation for this

---

[1] Capitalized terms herein will have the same definitions as in the Motion.

2

contention, ignoring that "decisions from the same district [] are 'relevant and persuasive.'" *Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81, 97 (W.D.N.Y. 2018) (citing *Baldanzi v. WFC Holdings Corp.*, No. 07 Civ. 9551(LTS)(GWG), 2008 U.S. Dist. LEXIS 95727, 2008 WL 4924987, at *3 (S.D.N.Y. Nov. 14, 2008). "Generally … a district judge will follow precedent set by another district judge of the same court." *Kelsey v. Muskin, Inc.*, No. 86-CV-757, 1987 U.S. Dist. LEXIS 8653, at *6 (N.D.N.Y. June 25, 1987). Plaintiff has not provided any reason for the Court to disregard another case (i) in this District, (ii) against the same defendants, and (iii) analyzing the same Indictment.

*Lisa Doe* is not an outlier. It accords with decisions rendered by New York State courts, which apply CPLR § 215(8)(a) strictly to conduct within the scope of the relevant indictment.[2] *See, e.g.*, *Christodoulou v. Terdeman*, 262 A.D.2d 595, 596, 692 N.Y.S.2d 462 (1999), and *Gallina v. Thatcher*, No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct. 23, 2018). Plaintiff argues that, because the Indictment involves conduct spanning specific years—as opposed to specific days, as in *Christodoulou* and *Gallina*—those cases are inapposite. This distinction is illogical. The Indictment provides a precise timeframe, within which Plaintiff's alleged abuse must have occurred. There is no rationale for—and Plaintiff cites no authority supporting—a rule providing that, where specific ***days*** are denoted in an indictment, CPLR § 215(8)(a) is narrowly applied to events arising on those days, but where specific ***years*** are denoted, CPLR § 215(8)(a) applies broadly to ***any*** similar conduct, no matter when it occurred. Just as in *Christodoulou* and *Gallina*, the Indictment at issue here concerns conduct occurring in a specific timeframe (*i.e.*, 2002-2005). And just as in *Christodoulou* and *Gallina* (and *Lisa Doe*), CPLR § 215(8)(a) only revives claims alleging conduct within that timeframe.

---

[2] A full analysis of such cases can be found in the Motion at pages 5-7.

Plaintiff asserts Judge Ramos erred in finding that the Indictment involved the recruitment of only minor girls. (Resp. 6-7.) In support of this faulty contention, Plaintiff points to two nearly identical allegations in the Indictment stating that Epstein: (i) "knew that many of his New York victims were underage" and (ii) "knew that certain of his victims were underage." (Resp. at 7.) However, these allegations do not mean that only some of Epstein's alleged victims were underage. Rather, they accuse Epstein of knowing the age of some of his victims at issue in the Indictment (all of whom were minors during the relevant period). Had Plaintiff completed the sentences quoted in her Response, their meaning would have been evident:

- "JEFFREY EPSTEIN, the defendant, knew many of his New York victims were underage, *including because certain victims told him their age*;"

- "JEFFREY EPSTEIN, the defendant, knew that certain of his victims were underage, *including because certain victims told him their age*."

(Ex. B to Compl., ECF No. 1-2, at ¶¶ 11, 17.) The Indictment specifically alleges throughout that it concerns sex trafficking of "*minors*." (*Id.* at ¶¶ 2-4, 6, 8, 11-15, 18-20 and 22, emphasis added.) Plaintiff also asserts that the FBI's request in a press release to hear from victims "whatever age [they] were then" is evidence that the Indictment involves adult victims. This argument is equally unpersuasive. First, a press release cannot somehow supplant what the Indictment actually says, as confirmed by *Lisa Doe*. But regardless, a full reading of the press release confirms that Epstein was indicted for conduct directed at minors, not adults:

> JEFFREY EPSTEIN was arrested Saturday and charged with **sex trafficking of minors and conspiracy to commit sex trafficking of <u>minors</u>**. The indictment unsealed today alleges that, between 2002 through 2005, EPSTEIN sexually exploited and abused dozens of **<u>underage girls</u>** by enticing them to engage in sex acts with him in exchange for money. Epstein allegedly worked with several employees and associates to ensure that he had a steady supply of **<u>minor victims</u>** to abuse, and paid several of those victims themselves to recruit other **<u>underage girls</u>** to engage in similar sex acts for money.
>
> … U.S. Attorney Geoffrey S. Berman said: "As alleged, Jeffrey Epstein abused

4

**underage girls** for years, operating a scheme in which **girls** he victimized would recruit others for Epstein to exploit and abuse. Epstein exploited **girls** who were vulnerable to abuse, enticed them with cash payments, and escalated his conduct to include sex acts, often occurring at his residence on the Upper East Side of Manhattan. While the charged conduct is from a number of years ago, **the victims – then children and now young women** – are no less entitled to their day in court.

*Jeffrey Epstein Charged in Manhattan Federal Court with Sex Trafficking of Minors*, U.S. DEP'T OF JUST., https://www.justice.gov/usao-sdny/pr/jeffrey-epstein-charged-manhattan-federal-court-sex-trafficking-minors (July 8, 2019) (emphasis added). *All* references to victims in the press release and the Indictment describe them as "girls," "children," or "minors." There are *no* references to any adult victims. Accordingly, Plaintiff's state law claims are time-barred.

Plaintiff, relying on *Kashef v. BNP Paribas S.A.*, 925 F.3d 53 (2d Cir. 2019), further asserts that, even if the Indictment is limited to Epstein's trafficking of minors, Plaintiff's claims would nonetheless arise from the same "event or occurrence" for the purposes of CPLR § 215(8)(a) because Epstein's scheme "spanned many years." (Opp. at 10.) This argument fails for two separate reasons.

First, Plaintiff once again disregards what Judge Ramos already unequivocally—and correctly—held: "the conduct alleged in the Indictment spanned the period between 2002 and 2005." *Id*. at 461. Second, Plaintiff's reliance on *Kashef* is completely misplaced. The plaintiffs in *Kashef* did not ask the Court to find that CPLR § 215(8)(a) applied despite their allegations falling outside the scope of the subject indictment; the decision does not even discuss that issue. Indeed, in *Lisa Doe*, Judge Ramos was "guided by the Second Circuit's analysis in *Kashef*" "[i]n finding that § 215(8)(a) applies here to the claims between 2002 and 2005 [and not the claims relating to conduct between 2006 and 2010]." *Lisa Doe*, 465 F. Supp. 3d at 461-62.

## II.    CPLR § 213-c Does Not Apply Retroactively To Salvage Plaintiff's State-Law Claims

Plaintiff incorrectly contends that CPLR § 213-c applies to extend the applicable

5

limitations periods for each of her state-law claims. (Resp. 11-12.) But CPLR § 213-c retroactively extended the statute of limitations only for sexual abuse claims that had not expired by its effective date, which was September 18, 2019. 2019 N.Y. Laws 315, 2019 N.Y. SB 6574, § 4 (CPLR § 213-c does not apply retroactively except "where the applicable statute of limitations in effect on the date of such act or omission has not yet expired."). Because Plaintiff's state-law claims had all expired long before September 18, 2019,[3] CPLR § 213-c does not apply to them.

Apparently conceding this, Plaintiff posits a rather confusing, circular argument in a footnote contending that because, according to her, the limitations' periods are extended or tolled under her other theories (none of which are applicable), CPLR § 213-c also extends the limitations periods for her claims. Plaintiff is wrong. Because her state-law claims expired well before September 18, 2019, CPLR § 213-c does not apply as a matter of law.

## III.    Plaintiff Fails To Allege Sufficient Threshold Facts Demonstrating That Equitable Tolling Or Equitable Estoppel Is Available

Equally unavailing are Plaintiff's attempts to invoke equitable estoppel and equitable tolling.[4] As explained in the Motion, "the doctrine of equitable tolling is not available in state causes of action in New York." *Jang Hoi Choi v. Beautri Realty Corp.*, 135 A.D.3d 451, 452 (1st Dept. 2016). Plaintiff disputes this, but regardless, equitable tolling cannot apply here. Plaintiff has not—and cannot—establish that she was unaware of her cause of action or that Epstein concealed the existence of her cause of action (let alone do so "with particularity"). *See Conklin v. Maidenbaum*, No. 12-CV-3606 (ER), 2013 U.S. Dist. LEXIS 113975, at *20 n.8 (S.D.N.Y. Aug. 13, 2013). Nor has she shown "that it would have been impossible for a reasonably prudent person

---

[3] As explained more fully in the Motion, Plaintiff's New York claims expired by 2015, her USVI claims expired by 2014, her Florida claims expired by 2016, and her New Mexico claims expired by 2013. (Mot. at 4-5.)

[4] Plaintiff's Response demonstrates a misunderstanding of these terms, which is not uncommon. As recognized by this District, 'equitable tolling' and 'equitable estoppel' are sometimes erroneously used interchangeably. *Conklin v. Maidenbaum*, No. 12-CV-3606 (ER), 2013 U.S. Dist. LEXIS 113975, at *20 n.8 (S.D.N.Y. Aug. 13, 2013).

to learn about his or her cause of action." *See id.* Accordingly, whether equitable tolling applies to New York state causes of action, it does not apply here.

Equitable estoppel does not apply here either. Equitable estoppel "may toll a statute of limitations where the plaintiff knew of the existence of [her] cause of action, but the defendant's misconduct caused [her] delay in bringing suit." *Id.* at \*20 n.8 (citing *Price v. Fox Entm't Group, Inc.*, 473 F. Supp. 2d 446, 455 (S.D.N.Y. 2007)). "It is fundamental to the application of equitable estoppel for plaintiffs to establish that **subsequent and specific actions** by defendants somehow kept them from timely bringing suit." *Pulte Homes of N.Y., LLC v. Town of Carmel*, No. 16 CV 8093 (VB), 2017 U.S. Dist. LEXIS 143290, at \*10 (S.D.N.Y. Sep. 5, 2017) (emphasis added) (quoting *Mohamed v. Donald J. Nolan, Ltd.*, 967 F. Supp. 2d 647, 655 (E.D.N.Y. 2013)).

Complaints that fail to allege sufficient facts to support equitable estoppel are properly dismissed at the pleadings stage. *Mohamed*, 967 F. Supp. 2d at 657 (rejecting equitable estoppel defense and dismissing claims at pleadings stage) (citing *Putter v. N. Shore Univ. Hosp.*, 7 N.Y.3d 548, 553, 858 N.E.2d 1140, 825 N.Y.S.2d 435 (2006)); *see also Pulte Homes*, 2017 U.S. Dist. LEXIS 143290, at \*10 (rejecting equitable estoppel argument and dismissing claims as untimely); *Zhang v. Schlatter*, 557 F. App'x 9, 12 (2d Cir. 2014) (rejecting equitable estoppel argument and affirming dismissal of complaint under Rule 12(b)(6)). At the pleadings stage, "the burden is on the plaintiff to establish that the action was brought within a reasonable time after the facts giving rise to the estoppel have ceased to be operational." *Mohamed*, 967 F. Supp. 2d at 657 (citing *Simcuski v. Saeli*, 44 N.Y.2d 442, 406 N.Y.S.2d 259, 377 N.E.2d 713 (1978)).

Here, Plaintiff has not met these burdens. Her Response emphasizes the sparseness of her allegations by reciting the same vague, conclusory allegations in her FAC about "fear and intimidation." While she claims she did not file her Complaint until 2019 because "she was

7

threatened, intimidated, and subjected to physical force" (Resp. at 13), there are **no** allegations in the FAC describing **any** actions after Plaintiff terminated all contact with Epstein in 2012. In fact, while Plaintiff alleges she was threatened with "serious repercussions" after she attempted to distance herself from Epstein (Resp. at 14), she further alleges she was in fact able to do so despite these threats. She provides no facts or explanation as to why, after her contact with Epstein ceased, she was still unable to file a timely complaint.

There are likewise no allegations connecting any of the alleged threats and intimidation to the filing of a lawsuit. "[I]t is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Davis v. Jackson*, No. 15-CV-5359 (KMK), 2016 U.S. Dist. LEXIS 136034, at *28 (S.D.N.Y. Sep. 30, 2016) (citing *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). Plaintiff fails to do this.

Plaintiff's reliance on *Davis v. Jackson* is misplaced, and it only demonstrates why Plaintiff's claims are insufficient to invoke equitable tolling. (Resp. 17-18). The *Davis* court held that plaintiff, an inmate at Sing Sing Correctional Facility, suffered fear of retaliation sufficient to warrant equitable tolling. *Davis*, 2016 U.S. Dist. LEXIS 136034, at *37. The *Davis* court cautioned, however, that "not all inmates are entitled to equitable tolling. Generalized allegations of fear of retaliation … are not sufficient to establish 'extraordinary circumstances' warranting application of equitable tolling." *Id.* at 35 (citing *Nicoloudakis v. Bocchini*, No. 13-CV-2009, 2016 U.S. Dist. LEXIS 85764 (D.N.J. July 1, 2016) ("Generalized fear of reprisal is not enough to warrant equitable tolling."); *Rosenblum v. Yates*, No. 09-CV-3302, 2011 U.S. Dist. LEXIS 14086, 2011 WL 590750, at *3 (E.D. Cal. Feb. 10, 2011) (plaintiff's generalized allegation of fear of retaliation was insufficient to meet his high burden)). Because Mr. Davis alleged "specific facts

showing that a reasonable fear of retaliation prevented [him] from filing a timely complaint," he had "met the first prong of the equitable tolling inquiry." *Id.* at 37.

Despite this finding, however, the *Davis* court found plaintiff did not satisfy the second prong—*i.e.*, that "he exercised reasonable diligence during the time he felt threatened by officers at Sing Sing." *Id.* Given Mr. Davis's *pro se* status, the court granted him leave to amend his complaint "in order to allege sufficient facts to show that he pursued his claims with reasonable diligence during the time he faced the threat of retaliation." *Id.* at 39. The court cautioned that, without specific allegations regarding what steps he took, and when, to exercise diligence, his invocation of equitable estoppel would be unsuccessful. *Id.*

Here, Plaintiff's allegations are insufficient to satisfy either equitable tolling prong. Her generalized and subjective allegations that she felt "threatened" and "intimidated" for seven years after she stopped seeing Epstein—and her failure to connect such threats or intimidation to her inability to file a complaint—are not enough "to establish that subsequent and specific actions" kept her from timely bringing suit. *Pulte Homes*, 2017 U.S. Dist. LEXIS 143290, at *10. And her failure to articulate facts showing she exercised due diligence during the ***seven years*** that she had no contact with Epstein before filing her Complaint are inadequate to demonstrate the required "reasonable diligence" needed to invoke equitable estoppel. *see Davis*, 2016 U.S. Dist. LEXIS 136034, at *38. Because neither equitable estoppel nor equitable tolling is available to Plaintiff, her state-law causes of action are untimely and must be dismissed with prejudice.

9

**CONCLUSION**

Based on the foregoing and the arguments presented in the Co-Executors' Motion, the Co-Executors respectfully request that the Court dismiss Counts I through III of Plaintiff's First Amended Complaint with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 20, 2021

Respectfully submitted,

TROUTMAN PEPPER HAMILTON
SANDERS LLP
875 Third Avenue
New York, New York 10022

By: _/s/ Bennet J. Moskowitz_
    Bennet J. Moskowitz

*Attorneys for Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein*

10